Grimes *et al. v.* Grimes.

Filed June 6, 1895.

───────────◆───────────

No. 17,426.

GRIMES ET AL. *v.* GRIMES.

SUPREME COURT PRACTICE.—*Variance Between Question Assigned and that Discussed.*—Where the question assigned is the want of jurisdiction of the subject-matter of the action, and that discussed is that of jurisdiction over the person of defendants, there is no relationship between the two, and consequently nothing for decision.

SAME.—*Presumption in Favor of Court's Ruling.*—*Evidence.*—*Liens.*— Where there is no evidence in the record, and the bill of exceptions states abstractly that the offer was made to prove the existence and continuance of incumbrances, the Supreme Court must presume in favor of the trial court's action and must conclude that the offer was of parol evidence and incompetent, or that if all the evidence were in the record it would show that the offer was inadmissible.

CONVEYANCE.—*Real Estate.*—*Allegation of Conveyance Necessarily Implies Conveyance by Deed.*—An allegation that real estate was conveyed necessarily implies a conveyance by deed, for oral conveyances of real estate are unknown to the law of this State.

REAL ESTATE.—*Vendor's Lien.*—*Wife's Inchoate Interest.*—The fact that the wife had no knowledge of the vendor's lien can not protect her inchoate interest against the same, nor does the fact that she married the grantee after the conveyance is made add strength to her claim to defeat such lien as to her interest.

From the Montgomery Circuit Court.

*J. L. Shrum*, for appellants.

*A. D. Thomas* and *W. T. Whittington*, for appellee.

HACKNEY, J.—The appellee sued to enforce a vendor's lien against certain lands in Montgomery county, making Ida M. Grimes, wife of the principal appellant, a defendant.

The first question argued is upon the assignment of error that the lower court possessed no "jurisdiction of the subject-matter of the action." The argument is that appellants resided in Tippecanoe county, and has reference alone to the jurisdiction of the court over the person of appellants. The question of jurisdiction over the person of the appellants was not raised by plea or otherwise than upon the assignment of error above quoted. There is no relationship between the question assigned and that discussed.

It is next suggested that the complaint alleged no conveyance. Counsel is in error in this suggestion, since we find it directly alleged that the plaintiff sold and conveyed the lands which she describes to Virgil M. Grimes. The allegation would not, as further suggested by counsel, admit evidence "that an oral conveyance" was made. An allegation that real estate is conveyed necessarily implies a conveyance by deed. Oral conveyances of real estate are unknown to the laws of this State.

The same suggestion, with others, is made against the ruling of the trial court in overruling the separate demurrer of Mrs. Grimes to the complaint. All errors assigned are joint, and the error, if any, must be joint to be available. *Louisville, etc., R. W. Co.* v. *Smoot*, 135 Ind. 220.

It should be needless to suggest that a ruling as to one is not available as to two or more of the parties to a suit. Appellants complain that the lower court did not permit them to prove the existence of incumbrances against the land conveyed at the time of the conveyance and con-

Grimes *et al. v.* Grimes.

tinuing to the time of the trial.    There is no evidence in the record, and the bill of exceptions states abstractly that the offer was made to prove the existence and continuance of incumbrances.    Whether the offer was of parol evidence or from the records of liens does not appear.    We must presume in favor of the court's action and must conclude that the offer was of parol evidence, which was incompetent, or that if all of the evidence was before us it would show that the offer was inadmissible.

It is further complained that the court did not find the alleged insolvency of the appellant and that no lien could be decreed in the absence of such finding.    There was a general finding in favor of the plaintiff, and this will support the decree.

It is finally urged that the court should, by its decree, have protected the inchoate interest of Mrs. Grimes in the land.    There was no motion to modify the decree; there is no several assignment of error in favor of Mrs. Grimes and no question is properly presented.    The argument, however, that a wife having no knowledge of the lien can be protected in her inchoate interest against the vendor does not impress us with favor.    Nor does the fact that she married the grantee after the conveyance was made add strength to her claim to defeat the lien of the vendor.    See *Petry* v. *Ambrosher,* 100 Ind. 510.

No error appearing in the record, the judgment of the circuit court is affirmed.

Filed June 5, 1895.