WILLIAM H. DARTON ET AL. *vs.* RHODELLA A. D. A. SPERRY.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Under the Act of Congress of March 3d, 1887, the defendant alone has the right (with a single exception) to remove a cause from the State to the Federal court.

If the removal is claimed upon the ground that a federal question is involved, that fact must appear at the outset in the bill, complaint or other initial pleading of the plaintiff; and no allegation to that effect in the subsequent pleadings, or in the petition for removal, is sufficient.

The filing of a petition for removal together with a bond, in a suit not removable, does not effect a transfer from the State court; nor does the pendency of an application to the Federal court for a writ of *certiorari* prevent the State court from proceeding with the cause and rendering judgment therein.

A party may withdraw his motion to strike out after his demurrer, which covers the same ground and was filed with the motion, has been sustained.

An appeal from a judgment of nonsuit for a failure to appear and prosecute the action, does not present for review alleged errors of the trial court in its rulings upon the pleadings; nor can such rulings, if erroneous, be held to have injuriously affected the appellant.

Submitted on briefs Oct. 25th, 1898—decided Jan. 4th, 1899.

ACTION to recover the amount of a promissory note, brought to the City Court of New Haven where the plaintiffs, after

Darton et al. *v.* Sperry.

the pleadings had been closed, filed a petition to remove the cause to the Circuit Court of the United States for the District of Connecticut, to which the defendant demurred; the court, *Bishop, J.,* sustained the demurrer and subsequently, upon the plaintiffs' failure to appear, rendered (*Dow, J.*) judgment of nonsuit against them, from which they appealed for alleged errors in the rulings of the court. *No error.*

The plaintiffs, as the next of kin of Matthias L. Darton, deceased, brought this suit against the defendant, as the executrix of Sereno Armstrong. The material parts of the complaint are as follows: —

"1. On the fourteenth day of June, 1875, Sereno Armstrong, then in full life but now deceased, executed and delivered to Matthias L. Darton his promissory note, payable on demand one year after date, for value received, for the sum of $2,590.96, with interest payable semi-annually. 2. Said note was secured by a mortgage on certain real estate and chattels then owned by said Sereno Armstrong, located on the east side of Quinnipiac river in what is now the town of New Haven, but was at that time in the town of East Haven. 3. On the   day of January, 1878, said Sereno Armstrong in collusion with others, and for the purpose of defrauding said Matthias L. Darton out of the money owing to said Darton by said Armstrong, as evidenced by said note, caused a suit to be brought in the Superior Court for New Haven County against said Darton and himself, to foreclose said mortgaged premises, and received a deed back from the mortgagee after said Darton had been ejected."

The answer set up two defenses: the first denying the above allegations of the complaint, and the second, setting up a discharge in bankruptcy obtained by Armstrong.

The plaintiffs, to the second defense, filed the following demurrer: " The plaintiffs demur to the defendant's second defense : 1. Because the cause of action in the complaint was expressly exempt from the operation of the United States bankrupt law. 2. Because the note described in the complaint was secured by a lien on real property, and was exempt from being proved against the estate of said bankrupt, and said

bankrupt could not be discharged therefrom. 3. Because by the bankrupt laws of the United States then in force but now repealed, being an Act of Congress to establish a uniform system of bankruptcy throughout the United States, no claim secured by a lien on real or personal property could be proved against the estate of a bankrupt."

The court overruled the demurrer, ordered the plaintiffs to reply, and they replied as follows: "1. The plaintiffs reply that the discharge in bankruptcy set out in defendant's answer was not a discharge from the note and indebtedness alleged in the complaint. 2. That the said Sereno Armstrong well knew that said discharge in bankruptcy was not a discharge from the debt set out in the complaint, as on or about the   day of January, 1878, the said Sereno Armstrong in collusion with others, as set out in paragraph 3 of the complaint, caused a foreclosure to be brought on a prior mortgage against himself, the said Sereno Armstrong, and the said Matthias Darton, and after the said Darton and himself had been foreclosed received a deed back to his wife from said prior mortgagee, Armstrong, and thereupon at the same time and place mortgaged said premises to said Armstrong for substantially the same amount of money as the one foreclosed. 3. Said foreclosure proceedings were brought for no other purpose than to eject said Matthias Darton, whose debt the said Sereno Armstrong well knew had not been discharged by the bankrupt proceedings above described." The defendant denied all the allegations of the reply.

After this, William H. Darton, one of the plaintiffs, filed in said City Court in the usual form, a petition for the removal of said cause to the Circuit Court of the United States for the District of Connecticut, accompanied by a duly executed bond for the prosecution of said cause in said Circuit Court. The ground for said removal was, in the petition, stated as follows: "That the controversy in said suit is upon the construction of a United States statute, to wit: a certain statute entitled an 'Act of Congress to establish a uniform system of bankruptcy throughout the United States'; that

issue is raised by the defendant in manner and form as more fully appears by the record of said suit."

The defendant then filed a motion to strike out the petition for removal, on the ground that the plaintiff "should have filed his petition, if he had a right to file any such petition, upon the day following the return day of this cause of action."

The defendant on the same day also filed in said court a demurrer to said petition for removal, on the following grounds: "1. Under the statute laws governing removal of causes from State courts, only the defendant has the right to remove a cause, and the plaintiff has not, except where the suit is one between citizens of the same State claiming lands under grants of different States; and this is not such a suit. 2. The statute of the United States governing the removal of causes, does not permit the removal of a cause for the reason assigned in the plaintiffs' petition."

On May 5th, 1898, the court (*Bishop, J.*) sustained the demurrer "for reasons given in the demurrer." The plaintiffs filed a written exception to this ruling upon the demurrer. The defendant then filed a notice of the withdrawal of the above motion to strike out the petition for removal. The plaintiffs filed a motion to restore to the record said motion to strike out, which motion the court (*Dow, J.*) denied.

Afterwards, on the 19th day of May, 1898, the plaintiffs filed a written notice in said cause, stating that they had applied to a judge of the Circuit Court of the United States for the District of Connecticut for a writ of *certiorari* upon the petition for removal, and that said application would be heard at the place named in the notice, on the 26th day of May, 1898.

On the 25th day of May, 1898, the court found that "the defendant appeared, but the plaintiffs being called did not appear to prosecute their action," and thereupon rendered judgment for the defendant for costs of suit.

In the appeal it is alleged that the trial court erred in the following particulars: (1) in overruling the demurrer to the second defense; (2) in sustaining the demurrer to the peti-

Darton et al. *v.* Sperry.

tion for removal; (3) in allowing defendant to file a motion to strike out the petition for removal and to demur at one and the same time; (4) in allowing defendant to withdraw the motion to strike out the petition for removal; (5) in not granting the petition for removal; (6) in granting a nonsuit while an application for a writ of *certiorari* was pending and had been assigned for hearing.

*Jason P. Thomson*, for the appellants (plaintiffs).

*Edmund Zacher* and *George A. Tyler*, for the appellee (defendant).

TORRANCE, J.   The first question to be considered in this case relates to the rulings of the court below with reference to the petition to remove the suit into the Circuit Court of the United States.   The parties to the suit are all residents of this State, and the sole claimed ground for removal is that the second defense raised a controversy about the construction of the United States Bankrupt Act, so-called.

The defendant demurred to the petition on two grounds: (1) because " only the defendant has the right to remove a cause, and the plaintiff has not," in a case like this; (2) because "the statute of the United States governing the removal of causes, does not permit the removal of a cause for the reason assigned in the plaintiffs' petition."   The court below, upon both of these grounds, held that the suit was one which could not be removed.   We are of opinion that the court below did not err in so holding.

Under the Act of Congress of March 3d, 1887, as corrected by the Act of August 13th, 1888, which governs in the present case, the plaintiff, in a case like the one at bar, is not entitled to remove the cause.   That Act, by declaring that the removal may be made " by the defendant or defendants therein," has excluded the plaintiff from the exercise of such a right or privilege, even though every other element of removability is in the case.   Black's Dillon on Removal of Causes, § 65.

Moreover, it is well settled that a cause is not removable merely because a federal question is raised, as here, by the answer or plea or other pleading, subsequent to the complaint, bill or declaration. To make a suit removable on this ground alone, it must appear at the outset of the suit, in the bill or complaint or other initial pleading of the plaintiff, that it is one of that character, and no statement to that effect in the subsequent pleadings in the suit, or in the petition for removal, can supply the want of an allegation of a federal question in the initial pleading of the plaintiff. *Tennessee* v. *Union & Planters Bank*, 152 U. S. 454; *Chappell* v. *Waterworth*, 155 id. 102; *Oregon, etc., Ry. Co.* v. *Skottowe*, 162 id. 490; *Walker* v. *Collins*, 167 id. 57; Black's Dillon on Removal of Causes, § 112.

In the present case no federal question is alleged or raised in the complaint, and it thus comes within that class of cases where the right to remove, merely because a federal question is or may be involved, does not exist. On both grounds, then, the court below rightfully held that the cause could not be removed, and this being so, the court of course had authority to proceed further with the suit. After the filing of a proper petition and bond in a proceeding for removal, the State court is without authority to proceed further in the suit, only when the case is one which can rightfully be removed,—one of which the Circuit Court of the United States can take jurisdiction. In such a case, after the filing of the petition and bond the State court is without authority to proceed further. *Marshall* v. *Holmes*, 141 U. S. 589; *Winchell* v. *Coney*, 54 Conn. 24, 32. But the filing of a petition and bond in a suit not removable does not work a transfer from the State court. To accomplish this the petition and bond must be filed in a suit that may be removed, and the petitioner must show a right in himself to remove it. A State court is not bound to surrender its jurisdiction on a petition for removal, unless a case is made by the record which entitles a party to a removal. *Crehore* v. *Ohio & M. Ry. Co.*, 131 U. S. 240; *Winchell* v. *Coney, supra.*

We think the defendant had the right to withdraw her

Ward et al. *v.* Connecticut Pipe Mfg. Co.

motion to strike out the petition for removal, and that the court did not err in proceeding to render judgment notwithstanding the notice for a hearing upon the application for a writ of *certiorari.*

This disposes of all the assignments of error save the first, which is that the court erred in overruling the demurrer to the second defense. The judgment of which the plaintiffs complain is a judgment of nonsuit. It is based, not upon the ruling of the court upon the demurrer to the second defense, nor upon any of the other rulings in the case, but upon the considered and deliberate act of the plaintiffs in abandoning the case and failing to appear. It was not the result of the ruling upon the demurrer in question, and was not in any way affected or caused by that ruling. Under these circumstances the question whether the court did or did not err in its ruling, is not properly before us upon this appeal; and if it were, and the ruling was wrong, it did the plaintiffs no harm.

For these reasons it is unnecessary to consider this assignment further, or to pass upon the question which it presents.

There is no error.

In this opinion the other judges concurred.