FIRST NAT. BANK OF PARKERSBURG v. PRAGER et al.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1899.)

No. 281.

1. REMOVAL OF CAUSES — JURISDICTION OF FEDERAL COURT — ATTACHMENT IN EQUITY.

    A federal court of equity is without jurisdiction to entertain a suit under a state statute by a contract creditor to obtain an attachment, and to set aside as in fraud of creditors a conveyance by his debtor; and such a suit is not removable into a circuit court from a state court.[1]

2. SAME — FAILURE TO COMPLY WITH STATUTE — EFFECT OF CONSENT AGREEMENT.

    A cause cannot be removed from a state court by the entry of a consent agreement therefor in a circuit court of the United States, without the filing in the state court of the petition and bond required by the removal act.

3. JURISDICTION OF FEDERAL COURT — CONSENT OF PARTIES.

    Jurisdiction to hear and determine a suit of which it is without jurisdiction under the statutes, or which has not been removed from a state court in the statutory manner, cannot be conferred on a federal court by consent of the parties; and its judgment in such a suit is a nullity.

Appeal from the Circuit Court of the United States for the District of West Virginia.

H. P. Camden, for appellant.

V. B. Archer, W. N. Miller, W. W. Van Winkle, and B. M. Ambler, for appellees.

Before GOFF, Circuit Judge, and PAUL and WADDILL, District Judges.

PAUL, District Judge. This is an appeal from a decree of the circuit court of the United States for the district of West Virginia. The appellant was plaintiff, and the appellees defendants, in the court below, and they will be herein designated as the "plaintiff" and the "defendants." The material question presented for our consideration, and, in our judgment, the only one necessary to be determined, is that of the jurisdiction of the circuit court to have entertained and considered the cause on its merits.

The record shows that on the 29th day of December, 1896, the defendants Prager & Son executed a deed of assignment to one Henry Keller, a co-defendant in this suit, for the benefit of the creditors of the said Prager & Son. On the 31st day of December, 1896, the plaintiff sued out on the chancery side of the circuit court of Wood county, W. Va., under the provisions of a statute of that state (Code W. Va. 1891, c. 74, § 1), process of attachment against the property conveyed in the deed of assignment by Prager & Son to Keller, trustee, and filed its bill in chancery against Prager & Son and Keller, the trustee in the deed of assignment. The plaintiff's demand was for $2,500, evidenced by four promissory notes, none of which were yet due. The bill charged that the deed had been executed for the

---

[1] As to removal of causes, generally, see note to Robbins v. Ellenbogen, 18 C. C. A. 86.

purpose of hindering, delaying, and defrauding the creditors of Prager & Son, stating in support of the bill numerous acts on the part of said defendants which it alleged to be in fraud of their creditors. This attachment was on the 31st of December, 1896, levied on the goods conveyed in said deed of assignment. At the March term, 1897, of the circuit court of Wood county, the defendants Prager & Son and the defendant Keller, in his own right and as trustee, filed demurrers to the bill, and Prager & Son filed their answers to the same. On the 29th day of December, 1896, prior to the issuing and levying of the attachment of the plaintiff, one Julius Katzenstein instituted in the circuit court of Wood county, W. Va., an action of assumpsit against said Prager & Son, and in connection therewith issued process of attachment, which was levied on the property conveyed by the said Prager & Son to Keller, trustee. On the 12th day of February, 1897, the said Keller, trustee, made a private sale to said Julius Katzenstein of all the goods assigned to said Keller by Prager & Son. On the 19th day of February, 1897, the plaintiff sued out a second attachment against said Prager & Son, and the same was levied on a portion of the goods sold by Keller, trustee, to Katzenstein. At June rules, 1897, of said chancery circuit court of Wood county, the plaintiff filed an amended and supplemental bill, making, in addition to the parties defendant to the original bill, the said Katzenstein, and all of the creditors, known and unknown, of said Prager & Son, defendants thereto; charging that the deed of trust to Keller and the sale of the goods made to Katzenstein were fraudulent, and praying that the same be declared null and void. At July rules, 1897, their bill was taken for confessed. The record fails to show any further proceedings had in the state court. It appears from a statement in the record that after the plaintiff sued out its second attachment, which was levied on the goods sold by Keller, trustee, to Katzenstein, and before the filing of the plaintiff's amended and supplemental bill, said Katzenstein had instituted in the circuit court of the United States for the district of West Virginia an action of trespass against the plaintiff for $25,000 damages, and another action in the same court against C. A. Wade, sheriff of Wood county, and the plaintiff for $50,000 damages.

The first order we find in the record, entered in the circuit court for the district of West Virginia in connection with this cause and its removal from the state court, is the following:

"At a circuit court of the United States for the district of West Virginia, continued and held at Parkersburg, in said district, on the 2d day of July 1897, the following order was made and entered of record, to wit:

"Julius Katzenstein vs. C. A. Wade, First National Bank of Parkersburg, and Others. In Case.

"The defendants this day moved the court to continue this cause until the next term of this court, supported by the affidavit of H. H. Moss, which motion was resisted by plaintiff; and it being suggested to the court, upon consideration of said motion, that the First National Bank of Parkersburg has brought suit against Isaac Prager & Son and Henry Keller, trustee, in the circuit court of Wood county, West Virginia, and has impleaded the said Julius Katzenstein and others therein, since this action was brought in this court, and it being stipulated in writing between the plaintiff in this action and the plaintiff in said suit in the state court that the action pending therein

shall be removed into this court, and be heard herein along with this action, it is ordered that this cause be continued generally until the next term."

### The stipulation referred to is as follows:

"In the Circuit Court of the United States for the District of West Virginia.
"The State of West Virginia, Which Sues for the Use and at the Relation of Julius Katzenstein, vs. Charles A. Wade, Sheriff, etc., and Others.   In Debt.
"The First National Bank of Parkersburg vs. Isaac Prager & Son and Others.
In Equity.
"In the Circuit Court of Wood County, West Virginia.

"Julius Katzenstein, the plaintiff in the first above named action, and the First National Bank of Parkersburg, the plaintiff in the said last-named cause, hereby stipulate and agree that the said suit pending in the said state court shall be removed by the plaintiff, Julius Katzenstein, in the first-named action, into the said circuit court of the United States for the district of West Virginia, and be heard there along with the said first-named action and the action pending in said federal court brought by said Julius Katzenstein against the First National Bank of Parkersburg and others.

"Witness our hands this 2nd day of July, 1897.
"H. P. Camden, Att'y for Wade & Others.
"Julius Katzenstein, by W. N. Miller, Att'y."

### The next order entered is the following:

"At a circuit court of the United States for the district of West Virginia, held at Wheeling, in said district, on the 20th day of September, 1897, the following order was made and entered of record, to wit:
"The First National Bank of Parkersburg vs. Isaac Prager & Son and Others.
In Chancery.

"This day came Julius Katzenstein, one of the defendants to the amended and supplemental bill in said cause, and presented to the court a certified copy of the record in said cause from the circuit court of Wood county, West Virginia; and upon his motion it is ordered that said cause be entered in this court, and on his further motion it is further ordered that said cause be remitted to this court, sitting at Parkersburg, to be therein further proceeded with according to law."

### The next order is as follows:

"At a circuit court of the United States for the district of West Virginia, held at Parkersburg, in said district, on the 10th day of January, 1898, the following order was made and entered of record, to wit:
"First National Bank of Parkersburg vs. Isaac Prager & Son et al.   In Equity.

"This day came the defendants, Isaac Prager & Son, by their attorney, and presented to the court a duly-attested transcript of the record in the above-entitled cause, which had heretofore, to wit, on the 20th day of September, 1897, been filed and docketed in the circuit court of the United States for the district of West Virginia, sitting at Wheeling, and which, by an order duly entered of record in said court, was remitted to this court for further proceedings to be had therein; and on their motion it is ordered that said papers be filed and said cause docketed in this court for further proceedings to be had therein."

After the entry of the last order the defendant Henry Keller, trustee, moved to remand the cause to the state court, but the court overruled the motion.   After the motion to remand was overruled, various proceedings were had prior to the entry of the decree from which this appeal was taken.

Counsel have filed elaborate briefs on the question whether the decree complained of is a final decree from which an appeal can be taken, and on the merits of the finding of that decree.   It is wholly unnec-

essary to discuss these matters. From the facts above stated, it is so apparent that the court below was without jurisdiction as to preclude the discussion of any other subject presented by the record. Beginning with the institution of the chancery suit in the state court, we find that the necessary diversity of citizenship to confer jurisdiction on a federal court does not exist. The record does not show a controversy between citizens of different states, in which it must be shown that every party upon one side is a citizen of a different state from every party upon the other. Young v. Parker's Adm'r, 132 U. S. 267, 10 Sup. Ct. 75; 1 Fost. Fed. Prac. § 18. The diversity of citizenship must appear affirmatively from the record. The proceedings in this cause show that the plaintiff and the defendants in the original bill were all citizens of the state of West Virginia, and that the plaintiff and a number of the defendants in the amended and supplemental bill were citizens of West Virginia.

Even if the necessary diversity of citizenship existed between the parties to the original cause, which allows a removal into a federal court, the character of the suit prevented such removal. It was brought under a statute of West Virginia which permits a contract creditor, before his claim has been reduced to judgment, to sue out an attachment in equity, and attack a conveyance as void because made with intent to hinder, delay, and defraud creditors. Such a suit cannot be maintained in a federal court of equity. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 833, 977; Scott v. Neely, 140 U. S. 106, 11 Sup. Ct. 712; Hollins v. Coal Co., 150 U. S. 371, 14 Sup. Ct. 127; D. A. Tompkins Co. v. Catowba Mills, 82 Fed. 780. In the last case the doctrine is thus stated:

"The general rule is that in the federal court a simple-contract creditor, who has not reduced his claim to judgment, cannot come into equity to obtain the seizure of his debtor's property, and its application to his claim."

Again, the requirements of the statute providing for the removal of a cause from a state court into a federal court were in no respect complied with. The statute of March 3, 1887, as amended by the act of August 13, 1888, provides:

"Sec. 3. That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or at any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court, to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and, also, for their appearing and entering special bail in such suit, if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit."

The record fails to show that there were any steps whatever taken in compliance with the requirements of this statute. Its positive

provisions were entirely ignored by the parties, and they aimed to accomplish by the entry of a consent agreement in the circuit court that which they could not do by complying with the provisions of the statute. By this unauthorized procedure they sought to invoke the jurisdiction of the federal court, in a cause in which, owing to the citizenship of the parties, the character of the suit, and the failure to comply with the requirements of the statute providing for the removal of causes, it could not be entertained. That the agreement entered into by the parties could not confer jurisdiction on the federal court is too well settled to admit of discussion. 2 Fost. Fed. Prac. p. 813, § 383. In Bank v. Calhoun, 102 U. S. 256, Justice Miller, speaking for the court, says:

"It needs no citation of authorities to show that the mere consent of parties cannot confer upon a court of the United States the jurisdiction to hear and decide a case. If this were once conceded, the federal courts would become the common resort of persons who have no right, either under the constitution or the laws of the United States, to litigate in those courts."

The circuit court being without jurisdiction in this cause, the decree appealed from was a nullity. Its action will be reversed, with directions to remand the cause to the state court. As the appellant and the appellees are equally responsible for removing this cause into a court without jurisdiction to entertain it, costs will be allowed to neither party. Reversed.