GREEN ET AL. *v*. HEASTON, RECEIVER.

[No. 18,582.   Filed January 31, 1900.]

COURTS.—*Removal of Cause to Federal Court.—Sufficiency of Petition.*—A petition for the removal of a cause from a state to a federal court on the ground of diverse citizenship alleging diverse "residence" of the parties "at the time of filing the complaint," instead of alleging diverse citizenship at the time of the commencement of the action, and also at the time the petition was filed, is insufficient where diverse citizenship of the parties is not shown by the pleadings. *pp. 128–130.*

APPEAL.—*Joint Assignment of Error.—When not Available.*—Where there is a joint assignment of errors by two or more appellants challenging the correctness of one or more rulings of the trial court, the error or errors, if any, in said ruling or rulings, must be joint against all the appellants joining in the assignment, or the same will not be available. *p. 130.*

SAME.—*Failure of Appellant to Comply with Rules of Supreme Court Requiring Paging of Record.*—Appellant waives his right to have questions considered on appeal which depend for their determination upon the evidence, where he fails to comply with rules twenty-six and thirty-one, requiring that the lines of the transcript be numbered, and that the transcript be referred to by page and line in briefs. *p. 131.*

From the Huntington Circuit Court.   *Affirmed.*

*M. L. Spencer, W. A. Branyan, H. B. Sayler, J. M. Sayler, J. E. Hessin* and *W. H. Hessin,* for appellants.

*J. B. Kenner* and *U. S. Lesh,* for appellee.

MONKS, J.—The Huntington Bagging Company, one of the appellants, a corporation organized under the laws of this State, and engaged in business at Huntington, Indiana, conveyed certain real estate to John E. Hessin, who conveyed the said real estate to George S. Murphy, who conveyed the same to George S. Green.   This action was brought by appellee against all of said parties to set aside said conveyances of said real estate, and subject the same to sale to pay the indebtedness of said corporation, on the ground that the conveyance to Hessin was fraudulent as to the creditors

of said corporation, and that Murphy and Green each received the conveyance made to him with full notice and knowledge thereof. Appellants Green, Murphy, and Hessin, before the time they were required to answer or plead to the complaint, filed a petition to remove said cause to the circuit court of the United States for the district of Indiana. They filed with said petition a bond which was approved by the court. This petition was overruled. The cause was tried by the court, and a finding made, and judgment rendered in favor of appellee, setting aside said conveyances as fraudulent.

It is insisted by appellants Green, Murphy, and Hessin that the court erred in overruling their petition for the removal of said cause to the circuit court of the United States for the district of Indiana, and that the proceedings of the trial court, after said petition and bond were filed, were without jurisdiction, and therefore void.

The rule is that unless, from the petition and other matters properly in the record when the petition and bond are filed, the facts showing jurisdiction in the federal court appear, the State court is not bound or authorized to surrender its jurisdiction. Therefore, unless the facts exhibited by such record entitle the party to such removal, the jurisdiction remains in the State court. *Power* v. *Chesapeake, etc., R. Co.*, 18 Sup. Ct. 264, 267, 42 L. ed. 673; *Crehore* v. *Ohio, etc., R. Co.*, 131 U. S. 240, 9 Sup. Ct. 692, 33 L. ed. 144; *Jackson* v. *Allen*, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. ed. 249; *Merchants, etc., Co.* v. *Insurance Co.*, 14 Sup. Ct. 367, 38 L. ed. 195; *Gage* v. *Carraher*, 14 Sup. Ct. 1190, 25 L. ed. 989; *Meyer* v. *Construction Co.*, 100 U. S. 457, 25 L. ed. 593; *Brown* v. *Trousdale*, 11 Sup. Ct. 308, 35 L. ed. 987; *Darton* v. *Sperry*, 71 Conn. 339, 41 Atl. 1052.

The facts stated in the petition for removal, other than the amount in controversy, are that the plaintiff is now, and was at the time of filing the complaint, a resident of the State of Indiana; and the defendants, said petitioners, George S.

Green, George S. Murphy, and John C. Hessin, were at the time of filing of the complaint, and are now, each and every one of them, residents of the state of Kansas. It is essential to the right of removal of a cause from a state to a federal court, on the ground of diverse citizenship, that all the defendants shall be citizens of different states from the plaintiff, or that the case be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more states on one side, and citizens of other states on the other side, which can be fully determined without the presence of any of the other parties to the suit as it has been begun. *Fletcher* v. *Hamlet*, 116 U. S. 408, 6 Sup. Ct. 426, 29 L. ed. 679; *Fraser* v. *Jennison*, 106 U. S. 191, 194, 1 Sup. Ct. 171, 27 L. ed. 131; *First Nat. Bank* v. *Prager*, 91 Fed. 689, 34 C. C. A. 51; *Stuart* v. *Bank of Staplehurst*, 57 Neb. 569, 78 N. W. 298.

The petition for removal must state the facts which warrant the removal, and give the circuit court jurisdiction. *Railway Co.* v. *Ramsey*, 22 Wall. 322, 22 L. ed. 823; *Grace* v. *American, etc., Ins. Co.*, 109 U. S. 278, 3 Sup. Ct. 207, 27 L. ed. 932. The jurisdictional facts must be stated specifically, and a general allegation in the language of the statute is not sufficient. *Gold, etc., Co.* v. *Keyes*, 96 U. S. 199, 24 L. ed. 656; *Carson* v. *Dunham*, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. ed. 992.

When the right to remove is claimed, as in this case, upon a difference in citizenship, the citizenship of each party should be alleged, and it is not sufficient to state their residence. *Neel* v. *Pennsylvania Co.*, 157 U. S. 153, 15 Sup. Ct. 589, 39 L. ed. 654; *Grace* v. *American, etc., Ins. Co.*, 109 U. S. 278, 283, 284; *Amory* v. *Amory*, 95 U. S. 186, 24 L. ed. 428; *Continental Ins. Co.* v. *Rhoads*, 119 U. S. 237, 7 Sup. Ct. 193, 30 L. ed. 380; *Mansfield, etc., R. Co.* v. *Swan*, 111 U. S. 379, 388; 4 Sup. Ct. 510, 28 L. ed. 462; *Guarantee Co.* v. *First Nat. Bank*, 95 Va. 480, 28 S. E. 909.

It must be alleged that the difference in citizenship existed both at the time of the commencement of the action, and when the application for removal is made. *Jackson* v. *Allen*, 132 U. S. 27, 10 Sup. Ct. 9, 33 L. ed. 249; *Stevens* v. *Nichols*, 130 U. S. 230, 9 Sup. Ct. 518, 32 L. ed. 914; *Akers* v. *Akers*, 117 U. S. 197, 6 Sup. Ct. 669, 29 L. ed. 888; *Houston, etc., R. Co.* v. *Shirley*, 111 U. S. 358, 4 Sup. Ct. 472, 28 L. ed. 455; *Gibson* v. *Bruce*, 108 U. S. 561, 2 Sup. Ct. 873, 27 L. ed. 825. If, however, both of said facts are alleged with sufficient certainty in the pleadings, they need not be again stated in the petition. *Bondurant* v. *Watson*, 103 U. S. 281, 26 L. ed. 447; *Steamship Co.* v. *Tugman*, 106 U. S. 118, 1 Sup. Ct. 58, 27 L. ed. 87.

Neither the citizenship of the parties nor of any one or more of them is alleged in the pleadings in this case, or in said petition. As the petition only stated the difference in residence, it is evident that the court did not err in denying the petition for removal, for the reason that said facts did not give the circuit court of the United States jurisdiction of said action. Black's Dillon on Removal of Causes, §§171, 172, 173. The jurisdiction to try and determine said cause was, and therefore remained, in the court below, and its proceedings and judgment were not void.

Appellants severally moved the court for a new trial, and severally excepted to the action of the court in refusing to grant a new trial. Appellants jointly assigned errors in this court. Appellee insists that the assignment of errors being joint does not question the correctness of the court's ruling on the several motions of appellants for a new trial; that where there is a joint assignment of error by two or more appellants, challenging the correctness of one or more rulings of the trial court, the error or errors, if any, in said ruling, or rulings, must be joint against all the appellants joining in the assignment, or the same will not be available. This contention of appellee is sustained by the authorities. *Grimes* v. *Grimes*, 141 Ind. 480, 481; *Louisville, etc., R. Co.* v.

*Smoot,* 135° Ind. 220; *Sparklin* v. *Wardens, etc.,* 119 Ind. 535. As was said in *Grimes* v. *Grimes, supra,* "All errors assigned are joint, and the error, if any, must be joint to be available."

Appellee urges that we could not consider any question presented by the causes assigned for a new trial, even if errors were properly assigned, for the reason that appellants have failed to comply with rules twenty-six and thirty-one of this court. We concur in this contention of appellee. The questions presented by the causes assigned for a new trial depend for their determination upon the evidence. The above mentioned rules require that the lines on each page of the transcript be numbered, and that the briefs shall refer to the transcript by page and line. The lines in the bill of exceptions containing the evidence are not numbered on any page thereof, as required by rule thirty-one, and the briefs do not and can not refer to the transcript by line, as required by rule twenty-six. Appellee in his brief filed July 28, 1898, called attention to the failure of appellants to comply with said rules, and objected to the consideration of any question depending for its determination upon the evidence. Appellants have taken no steps to comply with said rules.

Judgment affirmed.