HOME ELECTRIC LIGHT & POWER COMPANY ET AL. *v.* COLLINS.

[No. 3,624. Filed March 17, 1903. Rehearing denied May 26, 1903. Transfer denied October 15, 1903.]

APPEAL.—*Joint Exceptions.*—*Review.*—An exception taken by two or more coparties jointly to a ruling is a formal notice of their purpose jointly to reserve the question and assign it as error on appeal, and unless the action of the court excepted to jointly can be reviewed as to all who join in the exception, it may not be reviewed as to any of them. *pp. 494, 495.*

CONTRACTS.—*Rescission for Failure to Comply with Provisions.*—*Recovery of Part of Consideration Paid.*—C entered into an agreement with

three stockholders of a corporation by the terms of which he was to purchase their certain shares of stock, $2,000 to be paid at the time the agreement was entered into, and a second payment at a fixed time in the future. The stock was not to be assigned to C until the second payment was made. The contract was signed by the three stockholders and the corporation. The cash payment was made to the three stockholders. Upon default in making second payment, C was notified by the three stockholders and the corporation that they had determined to rescind any rights of plaintiff under the contract because of his failure to comply with its provisions. *Held,* that there could be no recovery by C against the corporation on account of the $2,000 payment. *pp. 496, 497.*

CORPORATIONS.—*Fraud of Stockholder in Sale of His Stock.*—Where corporate stock is purchased of stockholders who individually misrepresent the condition of the corporation for their own benefit, the corporation is not liable in damages for such fraudulent misrepresentations, although the agreement as to the terms of sale be signed by the corporation. *p. 498.*

From Elkhart Circuit Court; *Anthony Deahl,* Special Judge.

Action by Carroll Collins against the Home Electric Light & Power Company and others. From a judgment for plaintiff, defendants appeal. *Reversed.*

*J. S. Dodge* and *O. Z. Hubbell,* for appellants.
*O. T. Chamberlain* and *P. L. Turner,* for appellee.

BLACK, P. J.—The appellee sued the appellants, the Home Electric Light & Power Company, Orrin N. Lumbert, John E. Micks and Ephraim L. Gilman. The judgment was in favor of the appellee against the corporation alone. We therefore can examine only the alleged errors assigned by the corporation separately; being the overruling of its separate demurrer to each of the six paragraphs of complaint, and the overruling of its motion for a new trial.

The demurrer to the complaint was a several and separate demurrer of each of the defendants to each of the paragraphs of complaint. Upon the overruling of the demurrer the defendants jointly excepted. "Where the objection or exception in the court below or assignment of

error in this court is joint as to several rulings or acts of the court, the same will fail unless valid as to all such rulings or acts." *Saunders* v. *Montgomery*, 143 Ind. 185. An assignment by two or more of a ruling against one only, as error, can not be sustained as to anyone, because it is not well assigned by all who join therein. *Walker* v. *Hill*, 111 Ind. 223; *Sparklin* v. *Wardens, etc.*, 119 Ind. 535; *King* v. *Easton*, 135 Ind. 353; *Goss* v. *Wallace*, 140 Ind. 541. Errors must be joint against all who join in assigning them on appeal, to be available. *Green* v. *Heaston*, 154 Ind. 127; *Grimes* v. *Grimes*, 141 Ind. 480. Upon a joint assignment of errors, one of several appellants can not avail himself of errors which are not common to all his co-appellants, but affect him alone. *Yeoman* v. *Shaeffer*, 155 Ind. 308. Where appellants jointly assigned as errors a ruling on the separate demurrer of each of them, and the separate motion of each for a new trial, it was held that no question was presented. *Louisville, etc., R. Co.* v. *Smoot*, 135 Ind. 220. An exception taken jointly by a number of coparties can not avail them, unless well taken as to all of them. *Hatfield* v. *Cummings*, 152 Ind. 537. "Where two or more parties unite in an exception, it must be well taken as to all or it will be unavailing." Elliott, App. Proc., §788. An exception taken by two or more coparties jointly to a ruling is a formal notice of their purpose jointly to reserve the question upon that ruling for future review, and to assign it as error on an appeal from the judgment in the cause. Unless the action of the court excepted to jointly can be reviewed as to all who joined in the exception, it ought not to be reviewed as to any of them.

The suggestion of the appellee that no question is properly presented as to the sufficiency of the complaint seems to be correct. The motion for a new trial was made by the appellants severally, and they severally excepted to the overruling thereof. A very large number of causes

were assigned in the motion, many of them not so presented in the record as to make the errors, if such, to which they related, available for the corporation alone.

The record, however, requires us to examine as to the assignments that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the amount of recovery—$2,335—was too large. The capital stock of the corporation amounted, at its face value, to $50,000, and the defendants Lumbert, Micks, and Gilman, each separately owned a-number of shares; the aggregate amount of the stock owned by them being seven-eighths of the whole capital stock. In August, 1896, a contract in writing was made for the sale of the stock of these three stockholders to the appellee Collins. It was signed by these four persons, and with their names was also signed the name of the corporation, by the defendant Lumbert, as vice-president, and the defendant Micks, as secretary. The contract, however, was an executory agreement, the expressed purpose of which was the purchase by the appellee, and the sale to him by the three individual defendants, of the stock of the defendant Micks, of the par value of $12,500, the stock of the defendant Gilman, of the same amount, and the stock of the defendant Lumbert, of the par value of $18,750. Among the provisions for the payment for these shares of stock was one for the payment by the appellee of $2,000 in cash, upon the making of the contract, to the defendants Micks, Lumbert, and Gilman, who, according to the terms of the contract, were to be paid, in a manner stated in the contract, a further sum in December, 1896; and until the payment of the $2,000 payable immediately, and of the amount payable in December, the appellee was not to be entitled to any of the proceeds from the running of the plant of the corporation, or to the control of such proceeds or of the plant, nor was the stock to be sooner assigned to the appellee. After the date in December for the payment of the sum

then to be received, the same not being paid, a notice in writing, signed by the three individual defendants, and.by the corporation, by Micks, secretary, and addressed to the appellee, was delivered to him, which purported to be a notice from the signers thereof that they had determined to elect to rescind any rights or privileges of the appellee by reason of the contract, because of his failure to comply. with its provisions. In the amount of recovery was included, it seems to be conceded, a sum because of the $2,000 in cash paid by the appellee at the making of the contract. We can not find any reason for a recovery against the corporation on account of this payment. By the terms of the contract no part of this sum was to go to the corporation, but it was all to go to the three stockholders in part payment under the agreement for the purchase of their shares of stock; and the evidence shows, without conflict, that it all did go to them, and was distributed among them in the ratio of their holdings of stock, and was appropriated by them to their own use as individuals, as was the manifest intention of the appellee, as shown by the terms of the contract. It was not money paid to the corporation or received by any other person for its use and benefit. We have no occasion to express any opinion as to the liability of the three stockholders who received and retained the money, but we know no reason for requiring the corporation to repay it.

The appellee rendered service in the employment of the corporation for a number of months, for which he was paid in part only. There was a contention between the parties as to the rate of compensation per month to which he was entitled, but it appears from the evidence that some portion of the compensation, whether reckoned at the rate for which the appellee contended, or by that insisted upon by the defendants, remained unpaid; and some portion of the amount of recovery would seem to be attributable

to this claim on account of services rendered, but we are unable to determine satisfactorily what amount was awarded on this account.

All of the paragraphs of complaint sought recovery either on account of such services, or the payment in cash at the making of the contract, except that in one paragraph recovery of damages was sought on the ground of deceit, through alleged fraudulent representations. If it were claimed that the verdict embraced any damages for fraud, the evidence shows that all the alleged fraudulent representations were made by the individual defendants for their own benefit, in an attempt on their part to sell their shares of stock; and, whatever might properly be said as to the liability of the individual defendants on this ground, the evidence would not warrant a recovery of such damages from the corporation.

Judgment reversed, and cause remanded for a new trial.