Filed Oct. 13, 1893.

---

No. 923.

The J. Painter & Sons Company v. The W. H. Metz Company et al.

Assignment of Errors.—*Uncertainty.*—*Fatally Defective.*—Assignments of error which are so uncertain that their application can not be determined with reasonable certainty are fatally defective.

From the Spencer Circuit Court.

*E. S. Watts*, for appellant.

*E. M. Swan*, *C. B. Laird* and *D. C. Givens*, for appellees.

The J. Painter & Sons Company *v.* The W. H. Metz Company *et al.*

Lotz, J.—The appellant, a corporation organized under the laws of the State of Pennsylvania, commenced this action, primarily, against the appellee, The W. H. Metz Company; a corporation organized under the laws of the State of Kentucky, to recover for certain indebtedness alleged to be due and owing the appellant by said appellee. The appellees, Shellman, Morgan, Mackey, and Nesbit were also made parties defendant to said action, and, as against them, it was charged that they had entered into a collusion to fraudulently dispose of the property of the said W. H. Metz Company, and that they had property and money in their possession belonging to said company. The appellant also instituted proceedings in attachment and garnishment, and caused a writ to be levied upon certain personal property, as the property of the said W. H. Metz Company. A number of other creditors of The W. H. Metz Company filed under said attachment proceedings.

The W. H. Metz Company made a showing to the court that it had, before the commencement of the proceedings in attachment, made an assignment for the benefit of its creditors, under the laws of the State of Kentucky, and that an assignee had been duly appointed, who had taken possession of all of its property; that said assignee subsequently resigned, and that one Harry Stucky was appointed trustee and receiver for it by the chancery court, of Louisville, Kentucky, and had, as such receiver, taken possession of all of its property, and it asked that such receiver be made a party to this action. The said Stucky was thereupon ordered to be made a party defendant, and he filed an answer to the complaint and also a cross-complaint against the plaintiff and all of the codefendants.

The defendants, Mackey, Nesbit, and others, answered the complaint and the cross-complaint, and also filed a

cross-complaint of their own, in which they set up a chattel mortgage which they alleged had been duly executed to them on the property attached, by the owner, and that they had taken possession of the property under said mortgage. The appellant's demurrer for want of facts was overruled to the cross-complaint of the receiver Stucky, and to the second paragraph of answer of Mackey, Nesbit, and others, to the complaint. Issue was joined, and there was a trial by the court. There was a finding against the plaintiff on his complaint, and a finding against the receiver Stucky on his cross-complaint. This much of the finding is certain. The other portions of the findings, owing to the peculiar wording, are uncertain. The court rendered judgment for costs in favor of Mackey, Nesbit, and the other mortgagee defendants, and against the plaintiff and those filing under the attachment proceedings.

The errors assigned are in these words:

"1. That the court erred in overruling the motion for a new trial.

"2. The court erred in overruling the demurrer to the answer, cross-complaint, and counterclaim of the defendant, Harry Stucky, trustee and receiver of The W. H. Metz Company.

"3. The court erred in overruling the demurrer to the second paragraph of the defendant mortgagees."

It will be seen that these assignments are uncertain. It is not made to appear whose motion or whose demurrers were overruled. As a matter of fact, there was more than one motion for a new trial and more than one demurrer to the pleadings named.

The assignment is also fatally defective in another respect. Harry Stucky, receiver, is not named in the assignment. But, as no point is made by counsel for ap-

pellees against the assignment, we will treat the assignment as valid.

The only causes for a new trial named in the motion are that the verdict is contrary to the evidence and contrary to the law.  We have examined the evidence, and find it conflicting.  We must decline to weigh it.

The pleading filed by the receiver is in one paragraph.. By its allegations, it purports to be an answer, a cross-complaint, and a counterclaim.  It seems to be a counterclaim, judging it by its averments.  As the court found against the said Stucky on his cross-complaint and in favor of appellant, it is not apparent how the appellant can predicate available error upon any ruling made in relation thereto.

No particular objection is made against the pleading under the third assignment.  We have examined it and think it sufficient.  It is at the least good as an argumentative denial.

Judgment affirmed, at costs of appellant.

REINHARD, J., took no part in this decision.

Ross, J., absent.

Filed Oct. 18, 1893.