## Coy et al. *v.* Druckamiller.

[No. 5,082. Filed February 3, 1905. Rehearing denied March 30, 1905.]

1. APPEAL AND ERROR.—*Several Assignments.—Joint Exceptions.*—A several assignment of errors, where the exceptions below were joint, presents no question on appeal. p. 178.
2. SAME.—*New Trial.—Evidence.—Recovery Too Large.*—In the absence of the evidence and of a showing in the special findings of an excess in the amount of the recovery, an assignment that the court erred in overruling a motion for a new trial, because the amount of recovery was too large, presents no question. p. 178.

From Kosciusko Circuit Court; *Lemuel W. Royse,* Special Judge.

Action by John C. Druckamiller against Jesse Coy and others. From a decree for plaintiff, defendants appeal. *Affirmed.*

VOL. 35—12

*John C. Graves, John A. Dunlap* and *John M. Van Fleet,* for appellants.

*Vail & Wehmeyer,* for appellee.

BLACK, J.—1.  The appellee, as plaintiff, recovered judgment against three defendants, who are the appellants. There was a special finding, and the defendants jointly excepted to each conclusion of law.  The appellants have severally assigned that the court erred in each conclusion of law.  The exception having been taken by all the appellants jointly, the assignment of error by them severally is not permissible.  *Chappell* v. *Jasper County, etc., Gas Co.* (1903), 31 Ind. App. 170; *Home Electric Light, etc., Co.* v. *Collins* (1903), 31 Ind. App. 493.

2.  The overruling of the motion of the appellant Jesse Coy for a new trial because the amount of the recovery was too large is stated in the brief for the appellants as one of the errors relied upon for reversal.  The evidence is not in the record, and the statement of facts in the special finding does not show that as to this appellant the amount of the recovery was excessive.

Judgment affirmed.


## ON PETITION FOR REHEARING.

BLACK, J.—The appellee sought and obtained the foreclosure of two mortgages upon certain real estate in Kosciusko county, executed to him by David Coy (who died pending the suit) and his wife, to indemnify the mortgagee as surety upon certain notes made by David Coy as principal to various payees, for the payment of which by the appellee the court found and adjudged that a certain sum was due the appellee, and foreclosed the mortgages, and ordered the sale of the land to satisfy the mortgage indebtedness.  Jesse Coy was one of the defendants. The defendants severally answered the statute of limitation of ten years; and in the brief upon petition for a rehearing,

filed on behalf of Jesse Coy, it is claimed that the special finding in its statement of the facts shows that, as to certain ones of the notes, the period of limitation had run before the commencement of this suit, and that, therefore, it does appear from the special finding that the amount of recovery was too large as against Jesse Coy. We have carefully examined again the special finding, and have been unable to discover any finding of fact relating to Jesse Coy, except that he "claims to have a deed from the decedent, David Coy, and the defendant Jemima Coy, for the lands described in said mortgage, said deed having been executed some time in the fall of 1902."

There was no finding or judgment against Jesse Coy for any sum, and it does not appear that he in fact had any interest whatever in the mortgaged land. We are still of the opinion that it does not affirmatively appear that the amount of the finding was excessive as to Jesse Coy. And we will not be understood as expressing any opinion as to whether it was or was not excessive as to any party.

Petition overruled.