## Morey et al. v. Terre Haute Traction and Light Company et al.

[No. 7,228.   Filed January 25, 1911.]

1. CONTRACTS.—*Construction.*—*Words.*—All words used in a contract should be given effect, where possible.   p. 22.
2. CONTRACTS.—*Intent.*—*Mistake.*—In the absence of a mistake in the language of a contract, the intent, as gathered from such contract, will be enforced.   p. 23.
3. CONTRACTS.—*Construction.* — *Sentences.* — The sentences in a contract should be construed together, giving all their proper weight.   p. 23.
4. CONTRACTS.—*Railroad Construction.*—A contract reciting that "the buyers [of a franchise] agree that they * * * will * * * construct an electric street railroad line to, within and into contiguous territory beyond said city of Clinton, and also an electric interurban railroad between and connecting the city of Terre Haute and the city of Clinton. And it is the intention of said buyers to construct an electric railway line from said city of Clinton * * * to and through the town of Dana," obligates such buyers to build such line from Terre Haute "to, within and into contiguous territory beyond said city of Clinton," but not to Dana.   p. 23.
5. SPECIFIC PERFORMANCE.—*Construction of Electric Railroads.*—*Contracts.*—A contract to "construct an electric street railroad line to, within and into contiguous territory beyond said city of Clinton" cannot be specifically enforced, being too indefinite in its terms.   p. 25.
6. SPECIFIC PERFORMANCE.—*Construction of Railroads.*—Ordinarily, the courts will not decree the specific performance of a contract for the construction of a railroad.   p. 28.
7. APPEAL.—*Joint Assignments of Error.*—*Several Exceptions.*—Where separate exceptions are taken to the court's rulings on separate and several demurrers by different parties, a joint assignment of errors, on appeal, presents no question.   p. 29.

From Vermillion Circuit Court; *Gould G. Rheuby*, Judge.

Morey *v.* Terre Haute, etc., Light Co.—47 Ind. App. 16.

Suit by William L. Morey and others against the Terre Haute Traction and Light Company and another. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Frank R. Miller, Joshua Jump* and *Paul N. Bogart,* for appellants.

*Lamb, Beasley & Sawyer,* for appellees.

HOTTEL, J.—This was a suit instituted by appellants in the Vermillion Circuit Court to procure a decree of the court against appellees, and each of them, directing them specifically to carry out and perform certain covenants and agreements which appellants in their complaint allege are contained in a certain instrument of assignment in which all the appellants, except said city of Clinton, assigned certain franchise rights which had been conferred upon them by their coäppellant, said city of Clinton.

The theory of the complaint and the contention of appellants' counsel are that the covenants contained in the contract of assignment are binding upon and should be enforced against appellees. The complaint is in four paragraphs. To each paragraph of the complaint each defendant filed a separate and several demurrer, which was sustained by the court, to which rulings of the court appellants, and each of them, at the time severally and separately excepted. Appellants declined to plead further, and elected to stand upon their complaint, and the court rendered judgment on said rulings for appellees as on default, and adjudged that appellants recover nothing from appellees by reason of their suit, and that appellees recover from appellants the costs of the suit. From this judgment the appeal is taken, and appellants jointly assign errors, in substance, as follows: Plaintiffs William L. Morey, Frank L. Swinehart, William Kelley, David McBeth, Samuel J. Hall, John Harlan, James Osborn and the city of Clinton, Indiana, say that there is manifest error in the judgment and proceedings of the Vermillion Circuit Court in this cause,

in this: The court erred in sustaining the separate and several demurrer of defendant Terre Haute Traction and Light Company to the first, second, third and fourth paragraphs of plaintiffs' complaint; and in sustaining the separate and several demurrer of defendant Terre Haute, Indianapolis and Eastern Traction Company to the first, second, third and fourth paragraphs of plaintiffs' complaint.

The sufficiency of the complaint to withstand a demurrer for want of facts is the only question presented by this appeal.

The complaint and the instrument of assignment upon which each paragraph is based are lengthy, and counsel for appellants, in their brief, have made a fair and concise statement of the facts contained in each paragraph, which counsel for appellees admit to be correct, and we adopt the substance of it for the purposes of this opinion. On July 21, 1902, the common council of the city of Clinton passed an ordinance granting to William L. Morey, Frank L. Swinehart, William Kelley, David McBeth, Samuel J. Hall, John Harlan and James Osborn (the first four of whom reside in the city of Clinton, and the last three of whom reside in or near the town of Dana, Vermillion county, Indiana) a franchise to construct, maintain and operate an electric railway in certain streets of the city of Clinton. This ordinance is made a part of each paragraph of the complaint as exhibit A. On August 26, 1902, said plaintiffs, by a certain instrument in writing, which is made a part of each paragraph of the complaint as exhibit B, sold and transferred all the rights conferred upon them by such ordinance to Charles A. Stone and Edwin S. Webster, their successors, grantees and assigns. Said contract of assignment contained after the granting clause, the following provision:

"In consideration of the foregoing sale, transfer, assignment and conveyance, the buyers agree that they, their successors grantees and assigns will, within the

time prescribed by such ordinance [within twenty-four months from July 21, 1902], construct an electric street railroad line to, within and into contiguous territory beyond said city of Clinton, and also an electric interurban railroad between and connecting the city of Terre Haute and the city of Clinton. And it is the intention of said buyers to construct an electric railway line from said city of Clinton, north and northwest toward the city of Danville, Illinois, to and through the town of Dana, Vermillion county.''

Said Charles A. Stone and Edwin S. Webster, by an instrument in writing, subsequently transferred and assigned all said franchise rights to George E. Bruorton, and said Bruorton, his wife joining, by an instrument in writing, subsequently transferred said rights to the Terre Haute Electric Traction Company, an Indiana corporation, which company, by proper proceedings, later changed its name to Terre Haute Traction and Light Company, one of the appellees in this cause. Said Terre Haute Traction and Light Company, by an instrument in writing, subsequently leased and assigned to defendant Terre Haute, Indianapolis and Eastern Traction Company, for 999 years, all the rights, franchises, etc., given and granted by said city of Clinton by ordinance as aforesaid, in which instrument of lease and assignment said Terre Haute, Indianapolis and Eastern Traction Company agreed and covenanted to assume and fulfil all obligations and contracts obligatory and binding on said Terre Haute Traction and Light Company. Plaintiffs Morey, Kelley, Swinehart and McBeth reside in and own real estate and other property in the city of Clinton, the value of which would be materially increased and benefited by the performance of the covenants and agreements contained in said transfer and assignment to said Stone and Webster, and are otherwise pecuniarily interested in the fulfilment of the covenants and agreements contained in said contract of assignment by them and others to said Stone and Webster. Plaintiffs,

Hall, Harlan and Osborn reside and own real estate in or near said town of Dana, the value of which would be materially increased and benefited by the performance of the covenants and agreements contained in said transfer and assignment to said Stone and Webster, and are otherwise pecuniarily interested in the fulfilment of the covenants and agreements contained in said contract of assignment to said Stone and Webster. The city of Clinton, an appellee herein, is greatly and pecuniarily interested in, and would be greatly and pecuniarily benefited by, the performance of the covenants and agreements contained in said contract of assignment to said Stone and Webster.

It will be observed that the statement contains but one provision of the instrument of assignment, but inasmuch as it is conceded that this provision is the only one involved in determining the questions raised upon the demurrer to the several paragraphs of complaint, it will be unnecessary to copy further from this assignment.

We think, however, that one paragraph of the ordinance passed by the city of Clinton, which is made part of each paragraph of complaint, is necessary to a perfect understanding and interpretation of this assignment, and we therefore quote section three of the ordinance, which is as follows:

"The term of this grant, franchise and the authority to use said streets shall be for a period of fifty years from the passage of this ordinance, provided that the construction of said street railroad line in said city shall be commenced within twelve months from the date of the passage of this ordinance, and the same shall be completed and in operation within twenty-four months from the passage of this ordinance, otherwise this grant, authority and franchise shall become and be void and of no effect whatever."

We have given the facts common to each paragraph of complaint. It is also conceded that the several paragraphs differ in respect to the facts alleged therein and the respec-

tive theories upon which they are predicated. The first paragraph is based upon the theory that the covenant and agreement of Stone and Webster is a covenant and agreement to build, within the time specified, an electric railway line from said city of Clinton toward the city of Danville, Illinois, to and through the town of Dana. It further alleges a breach of such covenant on the part of appellees and demands made, and concludes with prayer that appellees and each of them be ordered by the court specifically to perform such covenants and agreements, and for all other proper relief.

The second paragraph of complaint contains the same allegations as the first, and is substantially identical therewith, except as to the allegations of the covenant and agreement in the contract of assignment relative to the building of the electric line. The theory of the second paragraph is that the covenant and agreement with Stone and Webster was that they should "construct an electric street railroad line to, within and into contiguous territory beyond said city of Clinton," and not that they should "construct an electric railway line from said city of Clinton, north and northwest, toward said city of Danville, Illinois, to and through the town of Dana, Vermillion county," as the first paragraph alleges, and the prayer in said second paragraph is for an order and decree of the court directing the specific performance of said covenant as so set out in said second paragraph.

The third paragraph of the complaint is practically the same as the first, and proceeds upon the same theory as to the effect of the covenant and agreement, and is in all respects identical with the first, except that it contains additional allegations which charge that at the time said Stone and Webster received the assignment from Morey and his coäppellants, at the time they assigned it to said Bruorton, and at the time said Bruorton and wife assigned it to the Terre Haute Electric Traction Company, neither said

Stone, Webster, Bruorton, or the latter's wife, had at any time any beneficial interest in the franchise to and rights in said streets of said city of Clinton, but that they and each of them acted wholly as agents for or incorporators of said Terre Haute Electric Traction Company.

The fourth paragraph of the complaint is based on the same theory as to the effect of the covenant and agreement contained in the instrument of assignment as the second paragraph, and in other respects is practically identical with the first, except that it contains the other and further allegations contained in the third paragraph of the complaint, as before shown.

Does the first paragraph of complaint state sufficient facts, and is the theory upon which it is based supported by the instrument of assignment made part thereof? Counsel very earnestly insist that this theory of the complaint is consistent with and upheld by the terms of the assignment itself, and that the complaint upon this theory was sufficient, and that the relief therein prayed should have been granted. To support this contention, counsel have cited numerous authorities, which evidence much research upon the questions involved. We are met at the outset with a line of authorities which appellants' counsel cite, which we think controlling, that makes impossible the construction placed upon the instrument of assignment contended for by counsel, and upon which their theory of complaint is predicated.

The principles declared in this line of authorities, as stated in appellants' brief, are as follows: "(a) Force and effect should be given to all the words employed by the parties in a contract, wherever that is possible. Beach, Contracts §711; 17 Am. and Eng. Ency. Law (2d ed.) 7, and cases cited; *Mittel* v. *Karl* [1890], 133 Ill. 65, 24 N. E. 553, 8 L. R. A. 655; *Indiana, etc., Oil Co.* v. *Grainger* [1904], 33 Ind. App. 559. (b) In the absence

of any averment or proof of a mistake in the language of a contract, the intent, as gathered from such contract, will be enforced.  *Beard* v. *Lofton* [1885], 102 Ind. 408; *Witty* v. *Michigan Mut. Life Ins. Co.* [1890], 123 Ind. 411, 8 L. R. A. 365, 18 Am. St. 327; *Shenck* v. *Stahl* [1905], 35 Ind. App. 493.  (c)  A single sentence in a contract or instrument should not be construed alone, but should be construed with reference to the context.  The construction should make the whole consistent, giving all parts their due weight. 1 Beach, Contracts §711; *Cravens* v. *Eagle, etc., Mills Co.* [1889], 120 Ind. 6; *Boardman* v. *Lessees, etc.* [1832], 6 Pet. *328, *345, 8 L. Ed. 415.''

Under point (a), What force and effect should be given to all the words in this contract of assignment, standing alone?  Under this contract there is a clear expression of a covenant and agreement to build (1) ''an electric street railroad line to, within and into contiguous territory beyond said city of Clinton;'' and (2) there is the expression of an intent only on the part of the purchasers of the franchise ''to construct an electric railway line from said city of Clinton, * * * to and through the town of Dana.''  There is no averment in the complaint that there was any mistake in the language of the instrument of assignment, and therefore, under point (b) the intent of the contract must be gathered from the instrument itself.  Under point (c) all the provisions must be construed together and with reference to the context, and the construction as a whole should be consistent, giving all parts due weight.

The language of the contract seems plain and simple. One thing the purchasers were willing to do, and they bound themselves by a covenant and agreement to that effect.  The other thing they had in mind as an intention only, which intention they were unwilling to bind themselves to carry out, else why did they not include it in

their covenant, and not change the language of the instrument from that of an agreement to the expression of an intent only?

In the case of *Louisville, etc., R. Co.* v. *Bodenschatz Stone Co.* (1895), 141 Ind. 251, 263, the Supreme Court said: ''It is necessary, in order to give a court of equity jurisdiction to enforce specific performance of a contract, that the same be complete and certain as well as fair, just and equal in all its parts, and that it be founded on a valuable consideration. The contract must be capable of being specifically enforced, and be of a nature that the court can decree its complete performance against both parties without adding to its terms. It must appear that the plaintiff has no adequate remedy at law, and that a refusal to perform the contract would be a fraud upon him. The circumstances must be such, when the court is called upon to act, that its enforcement would not be hard or oppresive upon the defendant.''

The inclusion of the things agreed to be done and performed in the covenant and agreement, by an old and familiar maxim, would exclude the things not mentioned therein, and in the covenant here in question, this exclusion of the provision insisted upon by appellants as being included in the things agreed upon, is emphasized and made certain by including or mentioning it as a thing intended only. Counsel for appellants insist that this expression, ''that it was appellees' intention to build the electric railway line from the city of Clinton, north and northwest, * * * to and through the town of Dana,'' qualifies and explains the clause above, which binds appellees ''to construct an electric street railroad line to, within and into contiguous territory beyond said city of Clinton.'' But counsel are not borne out in this contention, by either the language or the punctuation of the preceding clause. In this assignment, relied upon in each paragraph of the complaint, as evidenced by its language, the parties had in mind

two kinds of electric railroad lines, viz.: an electric street railroad line and also one or more interurban lines. They obligated themselves to construct the electric street railroad line "to, within and into contiguous territory beyond the city of Clinton," and also an electric interurban connecting Terre Haute and Clinton. This they obligated themselves to do, and it was the street railroad that was to be extended into territory contiguous to Clinton, and not an interurban line; so that the expression of an intention to construct a line between Clinton and Dana can in noway be said to explain or qualify the agreement to extend the street railroad line to be built within the city of Clinton and into contiguous territory. The clause is a distinct, separate and independent sentence, expressing an intention only to construct another interurban line. The change in the language and meaning of these two sentences, with reference to the construction of these lines of road, is so marked that to say they should be construed together, and that the latter should take the meaning of the former, would not only be placing a construction on the contract that fails to give all of its parts due weight, according to the rule of law before expressed, but such construction would be at variance with and antagonistic to both the letter and the spirit of one of the clauses of the contract. We are convinced that the court below committed no error in sustaining the demurrer to this paragraph of the complaint, for the reason before stated, as well as for other reasons which we shall further discuss in connection with paragraph two.

Did the court below commit error in sustaining the demurrer to the second paragraph of complaint? Numerous authorities are cited by counsel in support of

5. their contention that this second paragraph stated a good cause of action, but most of these authorities relate to the right and duty of the courts, in proper cases, to enforce specific performance of contracts in relation to the sale of real estate or some interest therein, and also on

what constitutes an interest in real estate. We think, however, that the serious trouble with this paragraph is that the theory upon which it is based is not in fact supported by the instrument of assignment made part thereof, and the question is not so much whether a specific performance of a contract relating to the subject-matter to which this assignment relates could be enforced, as it is a question whether this contract of assignment contains any covenant or agreement to do any certain, definite and specific thing which a court of equity could order done. The very term "specific performance" contemplates that the party, against whom such relief is sought, has, by his contract and covenant, agreed to do some certain specific thing which the court can order and direct to be done. Much of what we have said, as to the rules which obtain in construing a contract, in discussing the first paragraph of complaint, applies with equal force in the discussion of this paragraph.

The theory of this paragraph is that the appellees covenanted and agreed to construct an electric railroad line into contiguous territory beyond the city of Clinton, and appellants ask an order and decree of the court accordingly.

As before stated, this instrument of assignment makes clear that the parties to it had in mind two kinds of electric lines, viz., the street line to be constructed in the city of Clinton and contiguous territory, and interurban lines. It was the street railroad line which the covenant provided should be extended into territory contiguous to the city of Clinton. The covenant that appellees should build an electric street railroad in the city of Clinton has some of the elements of definiteness and certainty, upon which an order for specific performance might be predicated, but it is not a breach of this part of the covenant upon which appellants rely. They do not allege a breach of the covenant to construct the electric street line within the city, but they rely wholly upon the breach of the covenant to build "into territory contiguous to the city." This clause in and of

itself is meaningless.  The question naturally arises: Into what territory shall the road be ordered built?  A city is surrounded with contiguous territory.  Shall the road be built north, south, east or west?  Or, shall it be at some intermediate point of the compass?  If north, south, east or west, how far shall it be built into the contiguous territory?  Shall it be a foot, a rod, a mile or ten miles?  What shall be the limit, or between what termini shall it be ordered built?

It will be observed also, from the contract of assignment, that the time fixed within which the covenants shall be begun and carried out is as follows: "They [the buyers] * * * will, within the time prescribed by such ordinance, construct," etc.  The provision in the ordinance is that "the construction of said street railroad in said city shall be commenced within twelve months from the date of the passage of this ordinance, and * * * shall be completed and in operation within twenty-four months," and there is no provision in the ordinance for the extension of the line into territory contiguous to the city, and, of necessity, no provision as to the time of such extension.

So far as the covenant and agreement relied upon in this paragraph shows, the parties have specifically agreed upon none of these essential elements of a contract necessary to the basing of a decree of specific performance.  A decree ordering the construction of an electric line into territory "contiguous to the city of Clinton," without specifying the direction, the route, the distance or the termini between which it should be built, would be a meaningless, useless decree.  The equity jurisdiction and powers of the court cannot be successfully invoked for such redress or relief.

In the case of *Louisville, etc., R. Co.* v. *Bodenschatz Stone Co., supra,* the Supreme Court, quoting from the opinion of Mitchell, J., in the case of *Ikerd* v. *Beavers* (1886), 106 Ind. 483, said: "With respect to its essential elements, the qualities of completeness, certainty and fairness, the con-

tract set out in the complaint does not present the requisites warranting a decree for specific performance. Courts can only proceed in cases like this when the parties have themselves agreed upon all the material and necessary details of their bargain. If any of these are omitted, or left obscure or undefined, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not one for specific performance. * * * Without supplying all its essential details, no court could so frame its decree as to afford any adequate protection to the defendant, nor can a judgment be entered which would be a final determination of the rights of all the parties." To the same effect is the case of *Burke* v. *Mead* (1902), 159 Ind. 252.

Counsel for appellees insist that the courts will not enforce specific performance of contracts of the character relied upon in the several paragraphs of appellants' complaint. Generally speaking, we think this is true. There seems to be a practical unanimity in ·the holdings of the courts, that a court of equity will not enforce specific performance of a contract, general in its terms, to construct a railroad; but what this court would do in a proper case where the agreement is certain, specific and complete in all its details, the route and its location accurately defined, described and agreed upon, we do not feel called upon to decide. We have no such question presented by either paragraph of this complaint.

It is enough for the purpose of this case to say that, for the reasons heretofore stated, we deem neither paragraph of the complaint before us sufficient. This conclusion is abundantly supported by the following authorities from our own State: *Louisville, etc., R. Co.* v. *Bodenschatz Stone Co., supra; Gas Light, etc., Co.* v. *City of New Albany* (1894), 139 Ind. 660; *Burke* v. *Mead, supra; Thiebaud* v. *Union Furniture Co.* (1896), 143 Ind. 341, 344, 345; *Ikerd* v. *Beavers, supra.*

But for another reason this case should not be. reversed. The exception to the ruling of the court on the demurrer, as evidenced by the record, is as follows: "Come now again the parties, by their attorneys, and the court, being advised in the premises, sustains each of the defendants' demurrers to the first, second, third and fourth paragraphs of the petition and complaint herein, to which rulings of the court, and each of them, each of the plaintiffs at the time severally and separately excepts; and said plaintiffs now refuse to plead over and stand on the said rulings to each of said demurrers, and now the court renders judgment on said rulings and on each of them for the defendants as on default."

The language just quoted makes the exception to the ruling of the court on the demurrer a separate exception by each appellant.

A joint assignment of error in this court by two or more appellants assigning as error rulings of the court in sustaining separate and several demurrers to their complaint to which they separately excepted, presents no question in this court. *Doty* v. *Patterson* (1900), 155 Ind. 60; 2 Thornton's Civil Code §462, pp. 997-999; *Burns* v. *Trustees of Huntertown, etc., Church* (1903), 31 Ind. App. 640; *Government Bldg., etc., Inst.* v. *Richards* (1903), 32 Ind. App. 24; *Green* v. *Heaston* (1900), 154 Ind. 127; *Hubbard* v. *Bell* (1892), 4 Ind. App. 180, 181; *Louisville, etc., R. Co.* v. *Smoot* (1893), 135 Ind. 220, 221; *Town of Ladoga* v. *Linn* (1894), 9 Ind. App. 15, 17; *Coy* v. *Druckamiller* (1905), 35 Ind. App. 177; *Stamets* v. *Mitchenor* (1906), 165 Ind. 672.

Judgment affirmed.