## KELLEY ET AL. *v.* SCANLAN ET AL.

[No. 8,240. Filed March 11, 1914.]

1. APPEAL.—*Assignment of Errors.—Ruling on Demurrer.—Joint Assignment.*—Where there were several defendants to an action, any one of whom might have filed a demurrer, an assignment of error on appeal that "the court erred in overruling the demurrer to the amended complaint," presents no question. p. 613.

2. APPEAL.—*Record.—Construction.—Assignment of Errors.*—On appeal by several defendants, where the record as originally filed showed that to the amended complaint the defendants filed "their several demurrers which said several demurrers are respectively in these words: (not on file)," and the overruling of the demurrers to which "defendants severally except," and by a return to a writ of *certiorari* it appears that defendants filed their "several demurrer," which is set out, but no ruling is shown, the court can not determine whether one or more than one demurrer was filed, and hence no question is presented by an assignment that "the court erred in overruling the demurrer to the amended complaint." p. 613.

3. APPEAL.—*Assignment of Errors.—Sufficiency.—Joint Assignment.*—A joint assignment of error in overruling a demurrer is insufficient to present any question, where the demurrer or demurrers, and the exceptions to the rulings thereon, were separate and several as to each appellant. p. 614.

4. APPEAL.—*Assignment of Errors.—Overruling Motion for New Trial.—Joint Assignment.*—The overruling of a motion for new trial, where such motion was separate and several as to the

parties, and they separately and severally excepted to the ruling, can not be presented by a joint assignment of error. p. 614.

From Lake Superior Court; *Johannes Kopelke,* Judge.

Action by James P. Scanlan against John M. Kelley and others, in which the Condit-McGinnity Realty Company and another were made garnishee defendants. From a judgment for plaintiff, the principal defendants appeal. *Affirmed.*

*Houren, Sefton & Renollet* and *Milo M. Bruce,* for appellants.

*MacCracken & Freer,* for appellees.

Hottel, J.—This is an action begun by appellee James P. Scanlan to recover a commission alleged to be due him as broker in the sale of certain real estate. The appellees Condit-McGinnity Realty Company and Gary State Bank were made garnishee defendants. A trial by the court resulted in a finding and judgment against the appellants in favor of appellee Scanlan and, an order on the garnishee defendant bank to pay over to said Scanlan the sum of $850 of the money in its hands belonging to said appellants, and an order dismissing the action as to the garnishee defendant realty company.

From this judgment appellants appeal and in their original assignment of error questioned the ruling on their motion for a new trial alone. They afterwards asked and were granted a writ of *certiorari* and leave to amend their assignment of error. This amended assignment of error, omitting the caption, is as follows: "The appellants say there is manifest error in the judgment and proceedings in this cause for each of the following reasons: (1) The amended complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in overruling the demurrer to the amended complaint. (3) The court erred in overruling the motion for a new trial."

We do not deem it necessary to set out the amended complaint. It is clearly sufficient we think to withstand an at-

tack, first made in this court, such as is presented by the first error assigned. *Hubbard* v. *Reily* (1912), 51 Ind. App. 19, 98 N. E. 886, and authorities cited.

The second error assigned presents no question for either of two reasons: (1) There were several defendants to the complaint. They may have each filed a separate demurrer to the complaint based on any one or more of the different grounds of demurrer provided by the statute, or any two or more of such defendants may have filed a joint demurrer based on either, or all of such grounds, and hence any ruling on such several demurrers would necessarily present entirely different and distinct questions. The assignment here relied on does not indicate whose demurrer, or in any other way specify or identify the particular demurrer to which the ruling assigned as error is intended to refer, and hence, under §696 Burns 1908, §655 R. S. 1881, and Rule 4 of this court, is not sufficiently specific to present any question for review. *Walter A. Wood, etc., Mfg. Co.* v. *Angemeier* (1912), 51 Ind. App. 258, 99 N. E. 500, and authorities there cited; *State, ex rel.* v. *Lung* (1907), 168 Ind. 553, 557, 558, 80 N. E. 541; *J. Painter & Sons* v. *W. H. Metz Co.* (1893), 7 Ind. App. 652, 654, 35 N. E. 27; *Baldwin* v. *Sutton* (1897), 148 Ind. 591, 593, 47 N. E. 629, 1067. (2) The record as originally filed shows that after the service of the writ of attachment on each of the garnishee defendants appellee Scanlan filed an amended complaint to which the appellants, naming them, filed "their several *demurrers* which said several *demurrers* are respectively in these words: (Not on file)"; that "the *demurrers* of the defendants John M. Kelley, Minnie Kelley and Washington L. Albee are now overruled to which ruling of the court said defendants *severally* except." By a return to the writ of *certiorari* granted herein it appears that appellants, naming them, filed "their *several demurrers* to the plaintiff's amended complaint which said *demurrer* is in these words: The defendants John M. Kel-

ley, Minnie Kelley and Washington L. Albee *each demur* to plaintiff's amended complaint, and, for cause of *demurrer* say that said amended complaint does not contain facts sufficient to constitute a cause of action.'' The return to the *certiorari* shows no ruling on such demurrer therein set out. The record as originally filed would indicate that each of the appellants filed a separate demurrer making three in number, each of which may have been for different causes, and each of which was overruled by the court. The writ of *certiorari* would indicate that the appellants filed one several demurrer in which case the demurrer though several or separate as to each appellant would necessarily be for the same cause. As the record comes to us, we cannot know whether one or more than one demurrer was filed; and hence under the authorities, *supra,* no question is presented by such assignment; but, in any event, it affirmatively appears both from the record as originally filed and from the return to the writ of *certiorari* that the demurrer or demurrers, whether one or more, and the exceptions to the rulings thereon were separate and several as to each appellant, and hence no question is presented by the assignment of error which is joint as to all the appellants. *Fowler* v. *Newsom* (1910), 174 Ind. 104, 114, 90 N. E. 9; *Doty* v. *Patterson* (1900), 155 Ind. 60, 61, 56 N. E. 668; *Green* v. *Heaston* (1900), 154 Ind. 127, 130, 56 N. E. 87; *Morey* v. *Terre Haute, etc., Light Co.* (1911), 47 Ind. App. 16, 29, 93 N. E. 710, and authorities there cited.

For the same reasons no question is presented by appellants' third assigned error.

No available error being presented by the record, the judgment below is affirmed.

Note.—Reported in 104 N. E. 516. See, also, under (1, 3, 4) 2 Cyc. 1003; (2) 2 Cyc. 1002.