## JAMES *v.* WILSON ET AL.

[No. 9,633. Filed June 5, 1918.]

1. APPEAL.—*Assignments of Error.*—*Sufficiency.*—Where three parties were made defendants to the plaintiff's amended complaint, which contained two paragraphs, and the record shows a separate and several demurrer filed by two defendants to each paragraph of complaint, an assignment of error that "the court erred in sustaining a demurrer to the amended complaint" presents no question for review, and necessitates a dismissal of the appeal, since the appellant is confined to the assignment of error as written. p. 14.

2. APPEAL.—*"Final Judgment."*—An appeal governed by §671 Burns 1914, §632 R. S. 1881, authorizing appeals from final judgments only, will be dismissed where the record shows no judgment whatever as to one of the defendants, since a judgment is not final unless it disposes of the subject-matter of the action as to all the parties so far as the court has power to dispose of it. p. 15.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Eva James against John H. Wilson and others. From a judgment for the defendants, the plaintiff appeals. *Appeal dismissed.*

*Romine & Romine,* for appellant.
*George A. Kurtz,* for appellee.

HOTTEL, J.—The facts which gave rise to the action in which the judgment herein appealed from was rendered are in substance as follows: On April 28, 1913, in a proceeding for divorce then pending in the St. Joseph Circuit Court, between appellant and appellee John H. Wilson, a divorce was granted the latter, and a judgment for alimony was rendered in favor of appellant for $100. Appellee John H. Wilson, by said judgment, was also directed to pay to appellant

the sum of $4 per week for the support of their two minor children. Prior to such judgment and while appellant and John H. Wilson were living together as husband and wife, the latter entered into a contract with appellee Jay C. Bowsher for the purchase of a house and lot in the city of Mishawaka. On March 21, 1914, said Wilson had paid on said contract the sum of $800, and on said day assigned his interest in said contract to his coappellee Margaret Wilson, then Margaret Krause. At the time appellant filed the present action there was due her on her judgment for alimony and for the support of her minor children $325, and in said action she sought to have said assignment of said contract for the purchase of said real estate set aside and held for naught and to have the interest of John H. Wilson declared subject to the payment of said balance due appellant on her said judgment for alimony and the support of her minor children.

Appellant's complaint is in two paragraphs, which are not materially different. They each proceed on the theory that said assignment to Margaret Wilson was fraudulently made without any consideration and with intent to hinder, delay, and defraud appellant. They each allege that appellee John H. Wilson neither at the time of making said assignment, nor at any time since, had any other property subject to execution, but during all of said time was insolvent; that his coappellee Margaret Wilson had knowledge of all of said facts, etc. Appellee "Bowsher is made a party defendant to answer whatever interest he may have in the above described premises."

Appellees Wilson and Wilson demurred "separately and severally  *  *  *  to each paragraph of  *  *  *  amended complaint." This demurrer was

sustained to both paragraphs, and judgment rendered on the demurrer. The record shows no disposition of the case as to appellee Bowsher. The only error assigned is as follows: ''The court erred in sustaining the demurrer to the amended complaint.''

As we have already indicated, there were three persons made defendants to appellant's amended complaint, and it was in two paragraphs. Any one or more of said defendants, or all of them, may have demurred to said complaint or either or each paragraph thereof. The assignment of error here relied on does not indicate whose demurrer is challenged, nor in any other way attempt to specify or identify the particular ruling of the trial court which is intended to be challenged by said assigned error, except that it is a ruling on a demurrer.

While the rules of the court do not require us to search the record to find error, we have in this case examined the record, and find that it shows a demurrer filed by appellees Wilson and Wilson which is separate and several and addressed to *each paragraph* of the amended complaint. As above indicated, the ruling assigned as error is a ruling on a demurrer to the amended complaint, and not a ruling on a demurrer to *each paragraph* of such complaint. ''It is the general rule, and one which has been strictly adhered to, that the appellant is confined to his assignment of errors as written, and that each error assigned must be so complete, specific and certain, as to clearly indicate the identity of the particular ruling upon which the error is predicated.'' *Mesher v. Bishop* (1914), 56 Ind. App. 455, 460, 103 N. E. 492, 105 N. E. 644; *Walter A. Wood, etc., Co.*

v. *Angemeier* (1912), 51 Ind. App. 258, 99 N. E. 500, and cases there cited; *Kelley* v. *Scanlan* (1913), 55 Ind. App. 611, 613, 104 N. E. 516, and cases there cited. These cases necessitate the conclusion that no question is presented by said assignment of error, and authorize a dismissal of the appeal.

The record discloses another ground for such dismissal. The right of appeal is conferred by statute. The judgment herein involved is not an interlocutory order from which an appeal is authorized by §1392 Burns 1914, subdivisions 15-18 (Acts 1907 p. 237); and hence appellant's right of appeal, if it exists, must be found in the general provision for appeal contained in §671 Burns 1914, §632 R. S. 1881. This section authorizes appeals from final judgments only. We have already indicated that the record in this case shows no disposition of the case as to appellee Bowsher. As to him there is no judgment, final or otherwise. No steps are shown to have been taken as to him. In the case of *Northern, etc., Cable Co.* v. *Peoples Mutual Tel. Co.* (1915), 184 Ind. 267, 111 N. E. 4, the Supreme Court had before it a case very similar to that here involved, and in that case the court said: "A judgment is not final unless it disposes of the subject-matter of the action as to all of the parties so far as the court before which it is pending has power to dispose of it." See cases there cited, and *Hopp* v. *Luken* (1909), 44 Ind. App. 568, 89 N. E. 916; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 207, 213, 82 N. E. 461, and cases there cited.

For the reasons indicated, and upon the authorities cited *supra,* this appeal should be, and is, dismissed.

NOTE.—Reported in 119 N. E. 836.